01
02
03

04       UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
05                  AT SEATTLE

06 MICHAEL THRASHER,              )   CASE NO. C07-0529-MJP
                                  )
07      Plaintiff,                )
                                  )
08      v.                        )   REPORT AND RECOMMENDATION
                                  )
09 KING COUNTY, et al.,           )
                                  )
10      Defendants.               )
   _____)

11

12      Plaintiff, a Washington state prisoner, is proceeding *pro se* and *in forma pauperis* in this

13 action pursuant to 42 U.S.C. § 1983. On April 17, 2007, the Court granted plaintiff leave to

14 amend his complaint to cure certain deficiencies. (Dkt. #5). On May 4, 2007, plaintiff filed an

15 amended complaint. (Dkt. #6). Having reviewed the amended complaint, the Court recommends,

16 for the reasons set forth below, that the complaint be dismissed for failure to state a claim upon

17 which relief may be granted.

18      The precise nature of plaintiff's complaint is unclear. In his original complaint, plaintiff

19 alleged that he had not received *any* medical care since he was incarcerated in November 2006.

20 Now, however, plaintiff appears to allege that he has received medical care but he contends that

21 the care has been inadequate. Plaintiff attaches various exhibits to his complaint that demonstrate

22 that he has received a fair amount of medical care while incarcerated. (Dkt. #6, Exhibits).

REPORT AND RECOMMENDATION
PAGE -1

In the Order granting plaintiff leave to amend his complaint, the Court advised plaintiff that mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *See Broughton v. Cutter Labs,* 622 F.2d 458, 460 (9th Cir. 1980) (per curiam); *see also Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The Court further advised plaintiff that in order to proceed here, he must allege facts showing that prison officials acted with deliberate indifference towards his serious medical needs and that if plaintiff wished to allege that delay in receiving medical treatment demonstrates deliberate indifference, he must show that the delay led to further injury. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Finally, the Court pointed out that plaintiff had failed in his complaint to specify when he requested medical care and whether the request was rejected or he was provided inadequate care. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (plaintiff must allege facts showing how defendants personally participated in causing the harm alleged in the complaint); *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (allegations must be sufficient to provide defendants with fair notice of what the plaintiff's claim is).

The allegations in plaintiff's amended complaint do not cure the deficiencies outlined in the Court's previous Order. Although the amended complaint states in a conclusory fashion that prison officials acted with deliberate indifference to his serious medical needs, plaintiff does not allege facts that support this assertion. He states vaguely that the prison medical staff "continuely [sic] refuses to provide adequate care" but does not provide names, dates, or details. (Dkt. #6 at 3). Thus, plaintiff fails to allege facts that state a claim upon which relief can be granted.

01 Accordingly, the Court recommends that this matter be dismissed under 28 U.S.C. §
02 1915(e)(2)(B)(ii) and further recommends that this dismissal count as a "strike" under 28 U.S.C.
03 § 1915(g). A proposed Order is attached.

04     DATED this 22nd day of May, 2007.

                                           Mary Alice Theiler
                                           United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3