UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL THRASHER,

    Plaintiff,

v.

KING COUNTY PUBLIC HEALTH, et al.,

    Defendants.

No. C07-0529MJP-MAT

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT

This comes before the Court upon the Magistrate Judge's Report and Recommendation ("R & R"), which recommended that the Court dismiss Plaintiff Michael Thrasher's complaint for failure to state a claim upon which relief may be granted. Upon review of the record (Dk. Nos. 4-8) and the documents submitted by the parties, the Court ADOPTS the R & R and DISMISSES Thrasher's complaint. Thrasher has failed to explain how any individual defendants violated his constitutional rights, and thus has failed to state a claim for relief under § 1983.

**Background**

On September 14, 2006, Thrasher was allegedly beaten by another prisoner, fracturing his nose. At such time, he was already using crutches and a leg brace as a result of a motorcycle accident that he had suffered earlier. Thrasher alleges that the prison staff waited twelve hours before sending

ORDER - 1

1  him to a hospital to treat his nose injury. He also alleges that the medical staff made him walk down

2  stairs to reach the waiting ambulance, which caused him pain due to his pre-existing leg injury.

3  Later, on November 3, 2006, Thrasher alleges that the prison staff denied him use of his

4  crutches for some undisclosed period of time. He also alleges generally that the prison staff denied

5  him therapy and pain medication for his leg injury, although he provides no dates or details.

6  On April 17, 2007, Thrasher filed suit under 42 U.S.C. § 1983, arguing that the above-

7  mentioned acts violated his constitutional rights. He named as defendants King County Public Health

8  and several individual defendants under its employ. The Magistrate Judge declined to serve this

9  complaint, but granted Thrasher leave to amend.

10  Thrasher filed his amended complaint on May 4, 2007. The amended complaint dropped King

11  County Public Health as a defendant, instead naming only individual defendants Keith Tang, Sanders,

12  M. Burns, T. Raines, and Rise Williams. It sought compensatory damages of $20 million and punitive

13  damages of $100 million.

14  The Magistrate Judge recommended that the complaint be dismissed for failure to state a

15  claim. Specifically, the Magistrate Judge reasoned that:

16  Although the amended complaint states in a conclusory fashion that prison officials acted with
   deliberate indifference to his serious medical needs, plaintiff does not allege facts that support
17  this assertion. He states vaguely that the prison medical staff "continuely [sic] refuses to
   provide adequate care" but does not provide names, dates, or details.
18

19  **Discussion**

20  To state a claim against an individual defendant under § 1983, a plaintiff must show that "the

21  defendant *personally* participated in a deprivation of the plaintiff's rights." Arnold v. International

22  Business Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981) (emphasis added). This rule of

23  individual liability applies fully to suits by prisoners alleging deliberate indifference to their medical

24  needs. "The 'deliberate indifference' standard requires proving some degree of 'individual culpability'

25

ORDER - 2

1  . . . we must take a very individualized approach which accounts for the duties, discretion, and means
2  of each defendant." Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988).

3      Under this standard, Thrasher has filed to state a claim against any defendant.  His Statement
4  of Claim fails to mention a single defendant by name, leaving the Court with no way of knowing which
5  defendant was personally responsible for which act.  Thrasher's objections to the R & R repeat this
6  error – in six pages of handwritten objections, Thrasher fails to cite a single defendant by name.

7      Because Thrasher has failed to explain how any individual defendant violated his constitutional
8  rights, he has failed to state a claim upon which relief may be granted.  Therefore, the Court ADOPTS
9  the Magistrate Judge's R & R and DISMISSES Thrasher's complaint for failure to state a claim upon
10 which relief may be granted.

11     Because Thrasher's complaint is dismissed for failure to state a claim, it shall count as a
12 "strike" under 28 U.S.C. § 1915(g).

14     The Clerk is directed to send copies of this order to all counsel of record.

16     Dated: July 16, 2007.

19                                       s/ Marsha J. Pechman

21                                       Marsha J. Pechman
                                      United States District Judge

ORDER - 3